FILED

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

2012 MAR -6  P 3: 00

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **MILTON MANUEL SANCHEZ, CARMELO MEDINA, GERARD EDMOND,** individually and on behalf of a group of individuals similarly situated, | ) ) ) ) ) ) ) |
| *Plaintiff* | ) ) |
| v. | ) ) |
| **LASERSHIP, INC.,** 1912 Woodford Rd. Vienna, VA 22182, | ) ) ) ) |
| Serve Resident Agent: | ) ) |
| Ali Dilmaghani 1912 Woodford Rd. Vienna, VA 22182, | ) ) ) ) ) |
| *Defendant* | ) ) ) |

1: 12cv 246
GB4TRJ

## COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED, PROPOSED CLASS ACTION

The instant complaint is brought on behalf of the Plaintiffs, Milton Manuel Sanchez, Carmelo Medina and Gerard Edmond and other similarly situated individuals (hereinafter "Plaintiffs") who have performed delivery and/or courier services for the Defendant, Lasership, Inc. ("Defendant").

## INTRODUCTION

1.     The Plaintiffs seek certification of a Massachusetts-wide class of delivery/courier drivers who have been misclassified as independent contractors when they were in fact

employees under the Massachusetts Independent Contractor Statute (M.G.L. c. 149, § 148B) and related Massachusetts state law claims. As set forth below, Defendant's business is substantially devoted to providing courier/delivery services to its customers. The Defendant has unlawfully misclassified all of its couriers/drivers as "independent contractors" despite the fact that they are legally employees under all three prongs of the Massachusetts independent contractor test established by M.G.L. c. 149, § 148B. As a result of this misclassification, the Defendant has deprived the Plaintiffs of overtime, other work related benefits, and has required them to incur expenses and fees that they would not have incurred as employees. In this action, the Plaintiffs seeks to recover compensation for these violations, statutory trebling of wage related damages, and attorney's fees and costs as provided for by law.

## Jurisdiction and Venue

2.    This Court has original jurisdiction over each of the parties in this action pursuant to 28 U.S.C. § 1332(a) (1). This Court has jurisdiction over the subject matter of this action as the amount in controversy is greater than the sum of $75,000.00.

3.    Venue is appropriate in this federal district and division pursuant to 28 U.S.C. 1391(a) (1) and a selection of forum clause in the parties' agreement.[1]

## Parties

4.    Plaintiff Milton Manuel Sanchez is an adult resident of Revere, Massachusetts.

5.    Plaintiff Gerard Edmond is an adult resident of Brockton, Massachusetts.

6.    Plaintiff Carmelo Medina is an adult resident of Revere, Massachusetts.

7.    Defendant Lasership, Inc. is a foreign corporation with a usual place of business

---

[1]    Plaintiffs originally filed their complaint in Massachusetts Superior Court. Civ. A. No. 11-1355. The case was removed to the District Court for the District of Massachusetts. C.A. No. 11-cv-10990. The court then dismissed plaintiffs' action without prejudice, finding that the selection of forum clause prescribed the proper venue.

in the City of Vienna, County of Fairfax, Commonwealth of Virginia. Lasership, Inc. operates a regional terminal out of Woburn, Massachusetts. Lasership, Inc. transacts business in the Commonwealth of Massachusetts.

8.     This is a class action that the above-named Plaintiffs bring on their own behalf and on behalf of all others similarly situated, namely, all other individuals who have performed courier and/or delivery services for the Defendants, Lasership, Inc., and/or their parent organization, successors and assigns within Massachusetts and have been subjected to the legal violations described in this complaint. The proposed class meets all of the requirements of Rule 23 of the Massachusetts Rules of Civil Procedure.

### Factual Allegations

9.     The Plaintiffs began working for the Defendant as courier drivers in 2006 and 2007 and continue to work in these positions. The Plaintiffs job duties, and the job duties of those similarly situated, involve providing courier and delivery services to customers of the Defendant.

10.     The Plaintiffs report to a terminal operated by one of the defendant's customers (Cardinal Healthcare) or to the Defendant's terminal each morning between 5:00-6:00 a.m. and load items to be delivered onto their own vehicles. The Plaintiffs then delivery items as assigned by the Defendant to the Defendant's customers. The Plaintiffs generally perform these services Monday through Friday each week.

11.     The Plaintiffs are assigned "routes" on which they perform their work. They are required to make deliveries to the customers of the Defendant along these routes and are provided with paper work detailing the customers to whom deliveries must be made. The Plaintiffs are paid by the "stop" or delivery.

12.   Some Plaintiffs have additional stops added to their routes and are required to deliver items to such stops without receiving any compensation whatsoever. The Plaintiffs are not compensated for redeliveries or multiple deliveries to the same location even if it is for a different customer of the Defendant.

13.   On Saturdays and during other times, some of the Defendant's courier/delivery drivers also perform delivery services for the Defendant.

14.   Frequently, the Plaintiffs are required to return to the Defendant's terminal in Woburn and turn in empty totes, paperwork and extra product. This generally takes 20-30 minutes each day. The Plaintiffs are not compensated for this work.

15.   Frequently, some Plaintiffs work in excess of 40 hours per week while providing services for the Defendant. They were not paid an overtime premium for any such hours worked.

16.   The Plaintiffs are required to purchase and wear a uniform at all times that they are performing services for the Defendant. Said uniform is embossed with the Lasership logo.

17.   Plaintiffs used their own vehicles, pay for their own gas, insurance, maintenance and tolls as part of the performance of delivery/courier services for the Defendant. The Plaintiffs have deductions taken from their paycheck each week by the Defendant for various miscellaneous "fees" including but not limited to, fees for a quasi workmen's compensation insurance policy, scanner/radio fee and administrative fees. Typically, these fee deductions totaled $50-$60.00 per week. In addition, the Plaintiffs have a yearly motor vehicle report fee of $15.00 deducted from their paychecks.

18.   Upon information and belief, the Plaintiffs and other similarly situated class members drive vehicles for the defendant each weighing less than 10,000 lbs.

4

19.     Frequently, after all of the hours worked and expenses incurred for the Defendant's benefit were deducted, the Plaintiffs and other similarly situated class members have earned less than the Massachusetts minimum wage.

20.     The Plaintiffs are required to pay for their own workers compensation insurance.

21.     While the Defendant classified the Plaintiffs and other similarly situated class members as "independent contractors," the nature of the services the Plaintiffs and others performed, and the manner in which they performed these services, made it clear that they were actually employees.

22.     The Plaintiffs performed services, pickup and delivery of products and material which is within the usual course of business of the Defendant in that the Defendant's usual course of business is to supply courier/delivery services to its customers and the Plaintiffs provide courier/delivery services to the customers of the Defendant on behalf of the Defendant.

23.     In filings with the Massachusetts Secretary of State's Office, Defendant describes the business of the corporation as "Courier Services."

24.     The Plaintiffs were entirely dependent upon the Defendant for their work, as they were only allowed to perform courier/delivery services for the Defendant and worked full-time for the Defendant.

25.     The Defendant also retained the right to exert control over of the manner in which the Plaintiffs and others performed their services.  Such control includes, but is not limited to the following matters:

(a)     Defendant required the Plaintiffs and others to comply with its instructions in terms of written and unwritten policies, procedures, and directives regarding the Plaintiffs' duties. Pursuant to the contractor agreement, the Defendant instituted contractor responsibilities.

(b)     Defendant employs managers who have supervisory responsibility over the Plaintiffs and who could assign and direct their work.  Plaintiffs receive calls on a daily basis from terminal dispatch directing their work.

(c)     Plaintiffs were required to perform courier/delivery services during fixed hours each day that they worked.

(d)     Defendant required the Plaintiffs and others to use its scanning/radio devices so that collections could be tracked and downloaded to the Defendant's computer systems.

(f)     The Plaintiffs were required to wear a uniform signifying that they are working for Lasership.

(g)     The Plaintiffs had no role in supervising any other driver.

(h)     Frequently, managers would perform field inspections of the Plaintiffs' vehicles to make sure they were properly securing product during the course of their deliveries.

26.     Plaintiffs have sought and obtained permission from the Massachusetts Attorney General's Office to maintain a private right of action.

<h3 style="text-align:center">Class Action Allegations</h3>

27.     The Plaintiffs are members of the Class they seek to represent.  The Class members can be identified using records in the Defendant's control and kept by the Defendant in the usual course of their business.  Class members will be able to receive notice related to this class action through direct mailings to addresses maintained in the usual course of the Defendant's business.

28.     The Class members are so numerous that joinder of all their members would be impracticable.  On information and belief, over the relevant period, the Defendant has employed

over forty individuals to courier/delivery services.

29.     Defendants engaged in a common course of conduct that violated the legal rights of the Plaintiffs and the Class members. Individual questions, if any, pale by comparison to the numerous material questions of law or fact common to the Class that will necessarily dominate the Court's analysis of Plaintiffs' claims, including, whether the Defendant improperly classified Plaintiff and the Class members as independent contractors in violation of Massachusetts law.

30.     The Plaintiffs' claims are typical of the claims belonging to absent Class members. The Plaintiffs and the absent Class members are similarly-situated employees who shared the same job description, performed the same work under the same conditions, were classified as independent contractors, denied the same employment-related benefits and, as a result, suffered the same type of harm.

31.     The Plaintiffs will fairly and adequately assert and protect the interests of absent Class members. There is no apparent conflict of interest between the Plaintiffs and the absent Class members. The Plaintiffs are familiar with the facts that form the bases of the Class members' claims.

32.     The Plaintiffs have retained competent and experienced Class action counsel who intend to prosecute this action vigorously. Plaintiffs' counsel have successfully prosecuted many complex Class actions, including wage and hour class actions, and  will fairly and adequately protect the interests of the absent Class members; and

33.     Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy. Common questions of law or fact predominate over any questions affecting only individual members, as the Plaintiffs seek to remedy a shared legal grievance (e.g., misclassification of the Class members) and shared

harm (e.g., unpaid wages and employment benefits) on behalf of a Class of similarly-situated employees.

34.    The class action device is superior to other available means for the fair and efficient adjudication of the Plaintiffs' claims.  The relief sought by individual Class members is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the Defendant's conduct.  Individual litigation of the legal and factual issues raised by the Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources.  Alternatively, proceeding by way of a Class action would permit the efficient supervision of the Class' claims, give rise to numerous economies of scale for the Court and for the parties, and result in a binding and uniform adjudication on each issue for every party.

<div align="center">

**COUNT I**
**Violation of Massachusetts Independent Contractor Law**
**M.G.L. ch.149, §148B**

</div>

35.    The conduct of the Defendant as set forth above constitutes a violation of the Massachusetts independent contractor statute, M.G.L. c.149, §148B.  This claim is asserted pursuant to M.G.L. c.149, §150.

<div align="center">

**COUNT II**
**M.G.L. ch.149, §148**

</div>

36.    The conduct of the Defendant as set forth above constitutes an unlawful refusal to pay wages, in that the Defendant did not pay Plaintiffs in violation of M.G.L. c.149, §148, took improper deductions from the Plaintiffs' pay, and required the Plaintiffs to inappropriately bear the Defendant's costs of doing business. Plaintiffs assert these claims under M.G.L. c.149, §150.

## COUNT III
### Violation of Massachusetts Wage Laws
### M.G.L. c. 149 Sections 1 and 2

37.     By the conduct set forth above the Defendant has failed to pay the basic minimum wage to the Plaintiffs under Massachusetts law.

## COUNT IV
### Violation of Massachusetts Overtime Law
### M.G.L. ch.151, §1A

38.     The conduct of the Defendant as set forth above violated Plaintiffs' right to be paid overtime for all work performed in excess of 40 hours per week, in violation of M.G.L. ch.151, §1A.

### Prayer for Relief

WHEREFORE, Plaintiffs request that this Court enter the following relief:

A.     First that it certify a class of all past and present Lasership, Inc. couriers in Massachusetts;

B.     Second, issue a declaratory judgment that the Plaintiffs and others were employees, not independent contractors of the Defendant, Lasership, Inc.

C.     Third, restitution of all wages and overtime payments that are due the Plaintiffs and others because of their misclassification as independent contractors, restitution for all other benefits of employment due to Plaintiffs and others to which they would be entitled as employees of Defendant, Lasership, Inc.; such as unemployment compensation, workers' compensation, payment for the employers share of taxes, vacation and holiday pay, improper deductions;

D.     Fourth, reimbursement for all work-related expenses and improper deductions; and

E.     Fifth, statutory trebling of all wage-related damages; Attorneys' fees and costs


and any other relief to which the Plaintiff may be entitled.

Respectfully Submitted,
Milton Manuel Sanchez, Carmelo Medina,
Gerard Edmond, individually and on behalf of a
group of individuals similarly situated, Plaintiffs,
By their attorneys,

Nicholas Woodfield, Esq.
VSB# 48938
R. Scott Oswald, Esq.
VSB# 41770
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
nwoodfield@employmentlawgroup.com
*Counsel for the Plaintiffs*

Harold Lichten, Esq. BBO#549689
*Pro Hac Vice Application Forthcoming*
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Michael Rabieh, Esq. BBO #654737
*Pro Hac Vice Application Forthcoming*
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

James W. Simpson, Jr. BBO#634344
*Pro Hac Vice Application Forthcoming*
LAW OFFICES OF JAMES W. SIMPSON, JR. P.C.
100 Concord Street, Suite 3B
Framingham, MA 01702
(508) 872-0002

Date:   March 2, 2012

10