UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MILTON MANUEL SANCHEZ, CARMELO MEDINA, GERARD EDMOND, individually and on behalf of a group of individuals similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>LASERSHIP, INC.<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 12-CV-00246-GBL-TRJ<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiffs respectfully request that this Court award attorneys' fees and costs in the amount of $266,666, or one-third of the proposed class action settlement. At the Court's request, Plaintiffs' file this separate motion and request fees and costs pursuant to Fed. R. Civ. P. 54(d)(2). Plaintiffs respectfully note, however, that, as the Supreme Court has recognized, when approving a class action settlement pursuant to Fed. R. Civ. P. 23, the district court judge has broad discretion to approve a settlement providing for an award of attorneys' fees from the common fund, as Plaintiffs' here have requested. Although the Fourth Circuit has not yet had occasion to announce a "preferred method for determining the reasonableness of attorneys' fees in common fund class actions," Kay Co. v. Equitable Production Co., 749 F. Supp. 2d 455, 463 (S.D. W. Va. 2010), several district courts in the Fourth Circuit – including in this district – have awarded fees to counsel as a percentage of the common fund. See, e.g., Hess v. Sprint Commc'ns Co. L.P., 2012 WL 5921149 (N.D.W. Va. Nov. 26, 2012); Muhammad v. Nat'l City Mortgage, Inc., 2008 WL 5377783, at *7 (S.D.W.Va. Dec. 19, 2008); In re Royal Ahold N.V.

1

Sec. & ERISA Litig, 461 F.Supp.2d 383, 385 (D.Md.2006); League v. Bakker, 213 F.Supp.2d 571, 583 (W.D.N.C.2002); Goldenberg v.. Marriott PLP Corp., 33 F.Supp.2d 434, 438 (D.Md.1998); Strang. v. JHM Mortgage Sec. Ltd. P'ship, 890 F.Supp. 499, 502 (E.D.Va.1995)).

Indeed, "there is a consensus among the federal circuit courts of appeal that the award of attorneys' fees in common fund cases may be based on a percentage of the recovery. This consensus derives from the recognition that the percentage of fund approach is the better-reasoned and more equitable method of determining attorneys' fees in such cases." Muhammad, 2008 WL 5377783, at *7. " 'One of the reasons that courts prefer the percentage method is that [it] better aligns the interests of class counsel and class members because it ties the attorneys' award to the overall result achieved rather than the hours expended by the attorneys.'" In re Wachovia Corp., 2011 WL 5037183, at *2 (quoting Jones v. Dominion Res. Servs., 601 F. Supp. 2d 756, 758 (S.D.W. Va. 2009)).  Thus, for the reasons set forth herein, Plaintiffs respectfully request that the Court approve their requested attorneys' fees award of one-third of the settlement fund, or $266,666.

## I. ARGUMENT

### A. The Supreme Court and the Courts in this Circuit Routinely Permit Attorneys to Recover a Percentage of the Common Fund.

As set forth in Plaintiffs' Assented-to Motion for Approval of Class Act Settlement (Dkt. No. 173), the proposed settlement provides for attorneys' fees and costs, including the cost of administering the settlement, in the amount of one-third of the total settlement amount, or $266,666.  Courts generally favor an award of fees from a common fund, as called for by the proposed settlement in this case.  As the Supreme Court has explained:

> [T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole. . . . Jurisdiction over the

> fund involved in the litigation allows a Court to prevent . . . inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit.

Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980) (citations omitted).  "An attractive aspect of the percentage of recovery method is its results-driven nature which 'ties the attorneys' award to the overall result achieved rather than the hours expended by the attorneys.'" In re The Mills Corp. Sec. Litig., 265 F.R.D. 246, 260-61 (E.D. Va. 2009) quoting Jones, 601 F. Supp. 2d at 758. Although the Fourth Circuit has not definitively endorsed the percentage of the common fund method over others, the districts within this Circuit – and the vast majority of courts in other jurisdictions – have consistently applied a percentage of the fund method for calculating attorneys' fees in class action settlements with a common fund. In re The Mills Corp., 265 F.R.D. at 260 (citing cases).

As other courts in this Circuit have indicated, in determining the appropriate percentage of recovery, the Court may apply the following seven-factor approach: "(1) the results obtained for the Class; (2) objections by members of the Class to the settlement terms and/or fees requested by counsel; (3) the quality, skill, and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) public policy; and (7) awards in similar cases." In re The Mills Corp., 265 F.R.D. at 261.  Applying those factors to the proposed attorneys' fees proposed here, it is clear that the requested one-third is very fair and appropriate and should be approved.

First, Plaintiffs' counsel has obtained a fair settlement, under the circumstances, on behalf of the settlement class.  Early in the litigation, Plaintiffs successfully persuaded this Court to apply Massachusetts law to the claims here, despite the existence of a choice of law provision in the parties' contract.  Dkt. No. 75. Importantly, these claims were dismissed on summary

3

judgment and a class action never certified. Plaintiffs appealed that ruling and briefed their arguments to the Fourth Circuit. As discussed above, even had Plaintiffs' appeal to the Fourth Circuit proven successful, final resolution of this case was still likely years away. Moreover, given the breadth of FAAAA litigation across the country, it is likely that Lasership would have sought to appeal a ruling from the Fourth Circuit in Plaintiffs' favor. Instead of years of risky litigation and legal uncertainty, the settlement class members will receive reasonable compromises of their claims for lost wages, a good result for the class.

Second, no class member has objected to the either the settlement's terms or the proposed fees requested by counsel. With respect to the third factor, the quality, skill and efficiency of the attorneys involved in this litigation is high. Lead counsel, Harold L. Lichten, as represented thousands of workers in wage and hour class actions throughout the country. Recently, Attorney Lichten has represented workers in the following cases where class action settlements were approved: Scovil v. FedEx Ground Package Sys., Inc., 2014 WL 1057079 (D. Me. Mar. 14, 2014); Cutter v. HealthMarkets, C.A. No. 1:10-cv-11488-JLT (D. Mass. Filed Aug. 31, 2010); Sheehan v. FedEx, C.A. No. 1:05-cv-10936-RGS (D. Mass. Filed May 6, 2005); Magno v. FedEx, C.A. No. 3:07-cv-00811-JCH (D. Conn. Filed May 22, 2007); Gruhn v. FedEx, C.A. No. 3:07-cv-00412-RLM (D. Vt. Filed July 25, 2007).[1] This experience of litigating and obtaining

---

[1] Additional class cases the law firm of Lichten & Liss-Riordan has litigated and settled in federal court include: Kiely v. TripAdvisor, LLC, C.A. No. 08-11284 (D. Mass. Aug. 8, 2011) (Doc. #52); Apana et al. v. Fairmont Hotels, Inc., C.A. No. 08-cv-00528 (D. Hawaii 2011); Carreiro, et al. v. Huntleigh Corp., et al., C.A. No. 08-10819 (D. Mass.); Elienberg v. RCN, C.A. No. 09-10912 (D. Mass.); Maliniski et al. v. Starwood Hotels, C.A. No. 08-11859 (D. Mass.); Monahan et al. v. WHM LLC d/b/a LXR Luxury Resorts and Boca Resorts, Inc. d/b/a Boca Raton Resort & Club, C.A. No. 09-CV-80198 (S.D. Fla.); Hayes et al. v. Aramark Sports Service LLC, C.A. No. 08-10700 (D. Mass.); Niles et al. v. Ruth's Chris Steak House, C.A. No. 08-07700 (S.D.N.Y.); Mitchell et al. v. PrimeFlight Aviation Services, C.A. No. 08-cv-10629 (D. Mass.); Barreda et al. v. Prospect Airport Svcs., C.A. No. 08-323 (N.D. Ill.); Miller et al. v. SBLI, C.A. No. 08-10267 (D. Mass.).

court approval of class action settlements in these cases contributed to Attorney Lichten's ability to evaluate and confirm the benefit of the proposed settlement here to the settlement class.[2] Indeed, the law firm of Lichten & Liss-Riordan's primary practice is class action wage and hour work, and the attorneys from that firm are experienced litigators in this field. See Declaration of Harold Lichten, attached hereto as Exhibit 1, ¶ 3.[3] James W. Simpson, co-counsel on the case, has represented employees for over ten years, including building an extensive wage and hour practice. See Declaration of James W. Simpson, attached hereto as Exhibit 2, ¶ 3. Finally, counsel Nicholas Woodfield, a principal at the Employment Law Group in Washington, D.C., is an experienced trial attorney who, since 1995 has specialized in representing workers in state and federal courts. Declaration of Nicholas Woodfield, attached hereto as Exhibit 3, ¶¶ 2, 4-5.[4]

With respect to the fourth factor, the complexity and duration of the litigation also weighs in favor of approving the requested attorneys' fees. After initially being filed in state court in Massachusetts in 2011, the case was removed to federal court for the District of Massachusetts and then dismissed for lack of venue pursuant to a forum selection clause in the parties' agreement. The case was filed with this Court in March 2012, just over two years ago. During that time, the parties engaged in discovery, briefed class certification and twice briefed cross-

---

[2]   Attorney Lichten has been involved in many important cases addressing the employment status of workers throughout the country, and is an expert in this field. See, e.g., Scantland v. Jeffry Knight, Inc., 721 F.3d 1308 (11th Cir. 2013) (representing class of misclassified cable installers seeking unpaid wages); Anderson v. Homedeliveryamerica.com, Inc., 2013 WL 6860745 (D. Mass. Dec. 30, 2013) (class of delivery drivers were employees under Massachusetts law); Martins v. 3PD, Inc., 2013 WL 1320454 (D. Mass. Mar. 28, 2013) (same); Somers v. Converged Access, Inc., 454 Mass. 582 (2009) (where the Massachusetts SJC explained the strict nature of the Massachusetts independent contractor statute, § 148B).

[3]   Additional information about Mr. Lichten's professional experience is available here: http://www.llrlaw.com/attorneys/harold.htm.

[4]   Mr. Woodfield's professional biography is available here: http://www.employmentlawgroup.com/our-team/attorneys-staff/attorneys/nicholas-woodfield/.

motions for summary judgment, including Lasership's motion for summary judgment on preemption grounds, which this Court ultimately granted. When the proposed settlement was reached, this case was on appeal to the Fourth Circuit on the preemption issue, which had again been fully briefed by the parties.

The fifth factor, risk of nonpayment, also weighs in favor of approval of the proposed attorneys' fees award. Plaintiffs' counsel undertook this litigation on a complete contingent fee basis. Lichten Decl., Exh. 1, ¶ 8. As such, counsel, who fronted the costs for the litigation, bore a substantial risk of nonpayment. See Muhammad v. National City Mortgage, Inc., 2008 WL 5377783, *8-9 (S.D. W.Va. Dec. 19, 2008). As is evident from the record and the ultimate dismissal of Plaintiffs' claims, Lasership "rigorously contested … liability from the outset of this case;" still, Plaintiffs' counsel fronted hundreds of hours and thousands of dollars in costs to litigate these claims. See In re The Mills Corp., 265 F.R.D. at 263.[5] The sixth factor, public policy, is related and similarly favors the requested attorneys' fee award here. The Massachusetts Wage Act, upon which Plaintiffs' claims are premised, expressly provides that a prevailing plaintiff may recover his or her reasonable attorney's fees. See M.G.L. c. 149, § 150. The cost and difficulty of litigating such cases "naturally stands as a deterrent from doing so, and one object of an award of attorneys' fees should be to counteract this deterrence and incentivize competent attorneys to pursue these cases when necessary." In re The Mills Corp., 265 F.R.D. at 263. These factors, thus, weigh in favor of approval of the requested one-third fee award.

The final factor permits the Court to consider awards in similar cases. In all of the cases cited supra, footnote 1, the court has approved a one-third award of attorneys' fees to Plaintiffs'

---

[5] Courts permit reasonable costs to be reimbursed from the common fund. See Domonoske, 790 F. Supp. at 476. Here, Plaintiffs' counsel incurred approximately $18,000 in costs related to this case, including costs for printing and filing the Fourth Circuit appeal and costs related to depositions and travel to hearings.

counsel.  Many of those cases – including <u>Scovil</u>, <u>Cutter</u>, <u>Sheehan</u>, <u>Magno</u>, <u>Gruhn</u>, and <u>Elienberg</u> – were case brought on behalf of workers alleging misclassification as independent contractors and failure to pay wages, claims nearly identical to those here.  Moreover, many courts in this Circuit have awarded fees in the one-third range in class actions brought to recover employment benefits and unpaid wages on behalf of workers.  <u>See</u>, <u>e.g.</u>, <u>Hackworth v. Telespectrum Worldwide, Inc.</u>, Civil Action No. 3:04–1271 (S.D.W.Va.2004) (Chambers, J.) (in WARN Act class action settlement, awarding fees of 1/3 the amount of the settlement, plus costs); <u>Kidrick v. ABC Television & Appliance Rental, Inc.</u>, 1999 WL 1027050 (N.D.W.Va.1999) (Broadwater, J) (awarding a 30.6% fee award in litigation to recover unpaid wages); <u>Adams v. Advanced Mgmt, Inc.</u>, Civil Action No. 3:94–042 (N.D.W.Va.1994) (Stamp, J.) (awarding class counsel 35% of the total settlement in case brought under federal Fair Labor Standards Act).  This factor also favors approval of the requested attorneys' fees.

**B. The Requested One-Third Fee Award is Reasonable Under the Standard Applied by The Fourth Circuit When Evaluating a Request for Fees Pursuant to Fed. R. Civ. P. 54.**

Rule 54 permits a prevailing party to seek an award of attorneys' fees and costs.  Although the parties in this case have reached a voluntary resolution, and there is no prevailing party, an application of the Fourth Circuit's guidelines for assessing the reasonableness of attorneys' fees under Rule 54 to the present case further supports the requested award.  In <u>Robinson v. Equifax Information Services, LLC</u>, 560 F.3d 235, 243 (4th Cir. 2009), the Fourth Circuit stated that the district court's discretion in determining an award of attorneys' fees should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's

> expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson, 560 F.3d at 243-44. These factors are strikingly similar to those applied by the Fourth Circuit when considering the overall fairness and adequacy of a class action settlement, including an award of fees from the common fund as permitted by Rule 23. See Scardelletti v. Debarr, 43 F. App'x 525, 528 (4th Cir. 2002).[6] When considering an application for fees pursuant to Rule 54, the Fourth Circuit has instructed district courts to rely on evidence, in the form of declaration or affidavit testimony, concerning the market rates for attorneys in the relevant geographic area as part of the reasonableness determination. Robinson, 560 F. 3d at 244-45.

The declarations attached hereto further underscore the reasonableness of the one-third award for attorneys' fees requested as part of this class action settlement. As described in the Declaration of Plaintiffs' lead counsel, Harold Lichten, Plaintiffs' counsel has incurred $341,015 in attorneys' fees over the course of this litigation. Lichten Decl. ¶ 7. This amount exceeds the requested fee award by nearly $75,000 and has been calculated by multiplying the total hours spent by attorneys and paralegals working on the case by their respective, hourly rates. Id., ¶¶ 5-6. The billing rates for the attorneys at Lichten & Liss-Riordan, as well as for attorneys Nicholas Woodfield and James W. Simpson, are consistent with the rates charged by attorneys with comparable experience and skill in the market, including the geographic area that comprises the Eastern District of Virginia. See, e.g., Taylor v. Republic Servs., Inc., 2014 WL 325169, *4-6 (E.D. Va. Jan. 29, 2014); Vienna Metro LLC v. Pulte Home Corp., No. 1:10cv502 (GBL) (E.D.

---

[6] To the extent that these factors overlap with the considerations courts apply under Rule 23, Plaintiffs refer the Court to their motion for settlement approval, Dkt. 173.

Va. Aug. 24, 2011); Tech Systems, Inc. v. Lovelen Pyles, et al., No. 12cv00374-GBL (JFA) (E.D.Va. Aug. 6, 2013).

Importantly, the rates billed by Plaintiffs' attorneys in this action fall on the low side of the applicable rages set forth in the Vienna Metro matrix, which this Court has previously identified as the applicable reference for determining reasonable hourly rates in the Eastern District of Virginia:

| Paralegal | Years of Experience | 1–3 | 4–7 | 8–10 | 11–19 | 20+ |
|---|---|---|---|---|---|---|
| $130–350 | Hourly Rate | $250–435 | $350–600 | $465–640 | $520–770 | $505–8 20 |

Taylor, 2014 WL 325169, *5 (E.D. Va. Jan. 29, 2014). Comparing the rates charged by the Plaintiffs' attorneys here to those identified in the Vienna Metro matrix, developed by prominent Northern Virginia-based civil litigation attorney Craig C. Reilly, a recognized expert on legal fees in Northern Virginia, the reasonableness of the requested attorneys' fees award is clear.

| Attorney | Years of Experience | Hourly Rate | Hours Billed | Total |
|---|---|---|---|---|
| Harold Lichten | 25 + | $550 | 181.8 | $99,990 |
| James Simpson | 19 | $450 | 70 | $31,500 |
| Nicholas Woodfield | 18 | $450 | 55 | $24,750 |
| Michael Rabieh | 10+ | $400 | 168.3 | $67,320 |
| Sara Smolik | 10 | $400 | 132 | $52,800 |
| Peter Delano | 2 | $250 | 169.2 | $42,300 |
| Benjamin Weber | 7 | $300 | 38.8 | $11,640 |
| Elizabeth Tully | 2 | $250 | 21.8 | $5,450 |
| Hillary Schwab | 10+ | $450 | 11.7 | $5,265 |
| Kenneth Bledsoe | Paralegal | $135 | 42.6 | $5,751 |
| | | | **TOTAL** | **$341,015** |

These rates fall are well within the range recognizes by this Court as the market rate for litigators in the Eastern District of Virginia. Id. [7]

---

[7] See Lichten Decl., ¶ 6 for rates and years of experience.

9

While courts are not required to engage in an "exhaustive scrutiny" of attorney billing records under Rule 23, but may accept the hours estimates presented by Plaintiffs' counsel, see Jones, 601 F. Supp. 2d at 765-66, a lodestar analysis of Plaintiffs' counsels' hours and time further supports the requested attorneys' fees award. See Singleton v. Domino's Pizza, LLC, 2013 WL 5506027 (D. Md. Oct. 2, 2013) (affirming requested attorneys' fees representing 25% of common fund). "The purpose of a lodestar cross-check is to determine whether a proposed fee award is excessive relative to the hours reportedly worked by counsel, or whether the fee is within some reasonable multiplier of the lodestar." Id. Including the hours that are expected to be spent on administration of the settlement by the law firm of Lichten & Liss-Riordan, Plaintiffs' Counsel expects that they will have spent more than 800 hours on this case. The Plaintiffs' attorneys in this case have billed approximately 850 hours in attorney time on this case. Lichten Decl., ¶¶ 6-7. In addition, Plaintiffs' counsel has billed approximately 43 hours in paralegal time to this matter. Id., ¶ 6. Moreover, based on extensive past experience, Plaintiffs' Counsel anticipates spending another 30 hours in the administration of the class settlement, and that the costs associated with the administration will be approximately $5,000. Id., ¶¶ 10-11. Moreover, Plaintiffs' counsel has already expended close to $18,000 in costs in connection with the litigation. Id., ¶ 9. The total fees and costs incurred by Plaintiffs' counsel is estimated to be $360,000, significantly more than the one-third of the total settlement amount requested as fees, and constitutes a lodestar multiplier of .78,[8] which is far lower than those approved by courts in many other cases. Thus, the lodestar cross-check, is further support for approving the opposed one-third for attorneys' fees, and the billing rates of Plaintiffs' counsel are reasonable in light of

---

[8] As described in the attached declaration of Attorney Harold L. Lichten, Plaintiffs' Counsel have spent over 800 hours litigating this case and incurred a total of $341,015 in legal fees. Lichten Decl., ¶ 7. When the requested fee award of $266,666 is divided by $341,015, it results in a multiplier of .78, far below those routinely awarded by courts in similar litigation.

similar rates approved in other cases before this Court seeking an award of attorneys' fees pursuant to Fed. R. Civ. P. 54.

## II. CONCLUSION

For these reasons, and the reasons set forth in Plaintiffs' Assented-to Motion for Final Approval of Class Action Settlement, Plaintiffs respectfully request that the Court grant their request for attorneys' fees in the amount of $266,666, representing one-third of the common settlement fund.

Respectfully submitted,

MILTON MANUEL SANCHEZ *et al..*, Plaintiffs,

By their attorneys,

*/s/ Nicholas Woodfield*
Nicholas Woodfield, Esq.
VSB# 48938
R. Scott Oswald, Esq.
VSB# 41770
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2812

Harold L. Lichten (BBO # 549689)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800
hlichten@llrlaw.com
bweber@llrlaw.com

James W. Simpson, Jr. BBO#634344
Law Offices of James W. Simpson, Jr. P.C.
100 Concord Street, Suite 3B
Framingham, MA 01702
(508) 872-0002
Jwsimpson11@verizon.net

11

Dated: April 7, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2014 the foregoing document was filed electronically through the ECF System and is available for viewing and downloading from the ECF System, that it will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants.

*/s/ Nicholas Woodfield*
Nicholas Woodfield